ARNOLD M. DECLERQ, APPELLEE, V. LEVI D. HAGER, AND OTHERS, APPELLANTS.

1. Constitutional law: AID TO WORKS OF INTERNAL IMPROVE-MENTS: LIMITATION AS TO, BY COUNTIES. The limitation upon county indebtedness, imposed by sec. 2, Art. XII, of the Constitution, relates solely to such as is created to aid in the construction of works of internal improvement.

2. ———: ———. Bridges built by a county upon the line of its highways and wholly within such county, are not "works of internal improvement," according to the constitutional meaning of that term; and money raised and expended therefor cannot be counted as a donation to a work of internal improvement.

.THIS was an action, brought in the district court for Franklin county, to enjoin the defendants, county commissioners and county clerk, from issuing $30,000.00 of bonds voted to aid in the construction of the Republican Valley Railroad Company. The bonds were voted in June, 1878. The assessed value of taxable property for that year was $302,000.00. The petition alleged this fact, and further that there were outstanding bonds to the amount of $18,000.00, and certain unpaid county warrants. Also that school bonds to the amount of $6,000.00 had been issued. Upon a trial below before GASLIN, J., a decree was rendered enjoining the issuance of the bonds. Defendants appeal.

*T. M. Marquett,* for appellant.

The petition on its face shows that the indebtedness for the $18,000.00 was one incurred by borrowing money upon the bonds of Franklin county. There is no author-

ity under the internal improvement act for borrowing money and issuing bonds therefor.  *Adams v. Ills.*, 82 Ill., 133.  1 McCrary, 377.  *Scipio v. Wright*, 11 Otto, 666. *Thayer v. McCarty*, 3 Dillon, 389.  Kansas Statutes, 510. *Lawrence v. Wood*, 102 U. S. Repts. (12 Otto), 298.  *Hosier v. Board of Higgins*, 7 N, W. Reporter, 897.

*Mason & Whedon*, for appellee, cited *Reineman v. C. C. & B. H. R. R.*, 7 Neb., 310.

LAKE, J.

At first, without much reflection, and in deference to the opinion of the district judge, I was disposed to hold that the petition states a cause of action, but upon a fuller examination I am forced to the conclusion that it does not.

The constitutional inhibition upon the creation of municipal and county indebtedness involved in this case is as follows:  "No city, county, town, precinct, municipality, or other subdivision of the state, shall ever make donations to any railroad, or other work of internal improvement, unless a proposition so to do shall have been first submitted to the qualified electors thereof, at an election by authority of law; *Provided*, That such donations of a county, with the donations of such subdivisions, in the aggregate, shall not exceed ten per cent. of the assessed valuation of such county," etc.

This limitation, it is apparent, is not upon the creation of indebtedness generally, but merely of that caused by *"donations" to railroads, "or other works of internal improvement."*  It is very clear, therefore, that as to so much of the indebtedness relied on to defeat the proposed issue of bonds to the Republican Valley Railroad Company, as is represented by school district bonds, and the unpaid county warrants, no constitutional objection to the threatened action of the board of county commission-

ers exists. The indebtedness thus described was not created by donations to any work of internal improvement, and cannot be counted in filling the constitutional limit to which such aid may go.

But, is the remaining indebtedness set out in the petition thus restricted by the constitution? It is described as follows: "That on the first day of June, 1878, the said county of Franklin was indebted for money borrowed upon bonds of said Franklin county heretofore issued under and in pursuance of the provisions of an act entitled "An act to enable counties, cities and precincts to borrow money on their bonds, or to issue bonds to aid in the construction of works of internal improvement in this state, and to legalize bonds already issued for such purposes," passed February 15th, 1869, and the various amendments thereto, in the sum of eighteen thousand dollars of principal, and two thousand dollars interest; and that said bonds were on said first day of June, 1878, wholly unpaid, and a valid and subsisting charge against said county of Franklin."

The above is the entire description of said indebtedness. It is simply that the bonds were issued under the act to enable counties, etc. to aid in the construction of works of internal improvement, but omitting all mention of the use to which the bonds, or the money raised thereon, was put. In short, the petition does not show, and the inference from what is alleged would be violent in the extreme, that the county of Franklin had aided to the extent of a single dollar "any railroad or other work of internal improvement." Therefore it would seem that the objection made on behalf of the defendants to the introduction of any evidence, on the ground that the petition did not state a cause of action, was well taken, and should have been sustained. From this conclusion I see no escape. But even taking the case as made by the evidence, and the plaintiff's attitude is

not at all improved, for it certainly shows no cause of action. By this it is established that these eighteen thousand dollars in bonds were neither voted, nor used, as "donations to any railroad, or other work of internal improvement," but to pay for one county bridge already ·constructed, and to build another, across the Republican river in said county.

The question, whether the means for such works could be lawfully raised under the act of February 15th, 1869, is not now before us. However this may be, it is very clear that the use to which the eighteen thousand dollars in bonds were put was not a donation by the county at all, but an expenditure merely of so much money, whether legal or otherwise, in the improvement of its ordinary highways, of which bridges are a part. *The People v. The Commissioners of Buffalo County*, 4 Neb., 150.

For these reasons the judgment of the district court must be reversed, the injunction dissolved, and the petition dismissed at the costs of the plaintiff. The other judges concur.

JUDGMENT ACCORDINGLY.