THE STATE, EX REL. CHARLES PETERSON, V. KEITH COUNTY.

Internal Improvements: BONDS. A bridge across the Platte river is a work of internal improvement, and county bonds voted to erect the same are valid. Nor does the fact that the entire bridge is within the limits of the county voting the bonds, change its character or affect the validity of the bonds. *U. P. R. R. v. Colfax Co.*, 4 Neb., 450. *F. B. A. v. Sherwin*, 6 Id., 48. *S. P. L. Co. v. Buffalo Co.*, 7 Id., followed and approved. *De-Clerq v. Hager*, 12 Id., distinguished.

ORIGINAL application for mandamus.

*W. A. Snelling* and *A. R. Talbot*, for relator.

*Lamb, Ricketts & Wilson*, for respondent.

MAXWELL, J.

This action is brought in this court to compel the defendants to cancel $12,000 of the bonds of Keith county which were executed by said defendants in pursuance of a vote of the qualified electors of said county at a special election held therein on the 2d day of February, 1884, for the purpose of raising money to aid in the construction of a bridge across the South Platte river at the town of Oga-

lalla.   The river at this point is shown to be 2,390 feet in width, and a bridge across the same will cost $6 per lineal foot.

The only question involved in the case is, whether or not such a bridge is a work of internal improvement within the meaning of the act of 1869.   This question was before the court in *U. P. R. R. v. Commissioners. of Colfax County,* 4 Neb., 450, and after full argument and careful consideration of the subject the bridge was held to be a work of internal improvement within the meaning of the act.

In *Fremont Building Association v. Sherwin,* 6 Id., 48, where precinct bonds had been issued to aid in building a public bridge across the Platte river at Fremont, the case of *U. P. R. R. v. Colfax Co., supra,* was cited with approval and followed.

And in *South Platte Land Co. v. Buffalo Co.,* 7 Id., 253, where it was sought to enjoin the collection of taxes levied to pay the interest on precinct bonds issued to build a bridge across the Platte river at Kearney, the petition was dismissed, and the cases above referred to were cited with approval and followed.   The effect of these decisions has been to cause the erection of bridges across the Platte river at short intervals from near its mouth to North Platte, thereby opening thoroughfares for public use across a stream otherwise almost impassable.   That such bridges are works of internal improvement is now too well settled in this state to admit of doubt.   Nor does the fact that the entire bridge is within the county change its character.   A bridge costing from $12,000 to $15,000 cannot be constructed with the ordinary levies authorized by law for bridge purposes, and if constructed at all it must be done by borrowing money, either by the county or some of its subdivisions.   There is, perhaps, no expenditure of public money that is of more benefit to the public at large, than that employed in the construction of a public bridge where

it is needed, and the opening of a public thoroughfare through an otherwise impassable portion of the country. The case of *DeClerq v. Hager*, 12 Neb., 185, is cited as sustaining the opposite view, but an examination of that case will show that the only question involved was as to the limitation upon the amount that could be *donated* to a railroad company, and it was held in effect that an indebtedness incurred in building bridges within the county was not a donation. It is said in that case that such bridges are not works of internal improvement, but the question was not before the court, and is expressly excepted in the opinion. In the case under consideration the bridge being a work of internal improvement, the bonds in question are valid. The mandamus must therefore be denied.

WRIT DENIED.

THE other judges concur.